FILED

99 JAN 26 PM 3:48

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JAN 26 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN HARDY, }
  }
  Plaintiff }
  }
vs. } CIVIL ACTION NO.
  }
  } 97-AR-3187-S
O'NEAL STEEL, INC., }
  }
  Defendant }

## MEMORANDUM OPINION

Presently before the court is a motion for summary judgment filed by defendant, O'Neal Steel, Inc. ("O'Neal"). The motion seeks judgment as a matter of law on a claimed violation of 29 U.S.C. § 1981. For the reasons set forth herein, the motion is due to be granted.

### I. Background

Plaintiff, John Hardy ("Hardy"), is an African-American male. In July of 1997, Hardy obtained temporary employment with O'Neal through Dixie Staffing, a temporary employment staffing company. Hardy worked as a janitor/maintenance man until he was terminated on September 30, 1997 for his involvement in an altercation with another employee.

Throughout his employment at O'Neal, Hardy enjoyed a good working relationship with his supervisor, Joe Dozier ("Dozier"), and other employees. In fact, Dozier and other employees took a personal interest in Hardy and tried to assist him in obtaining permanent employment with O'Neal. For example, after Hardy failed a math test required for

1



permanent employment, an O'Neal employee tutored Hardy three times a week to prepare him for a second attempt at the test. Dozier gave Hardy a hard-hat and industrial kit, tools used by permanent employees, in an effort to encourage Hardy.

Two days before he was scheduled to make his second attempt to pass the test, however, Hardy was involved in a serious argument with Harold Green ("Green"), a white, regular, full-time employee who had been with O'Neal for twelve years. Hardy alleges that Green purposely drove a truck towing a trailer through an area in which Hardy had been painting lines on the ground. The wheel of the trailer caught on a piece of wood Hardy was using as a strait-edge, which smeared paint across the ground. Hardy immediately reported the incident to Dozier, and both men returned to talk with Green. The argument became heated and Green allegedly threatened Hardy with a steel pipe. Green's supervisor, Donnie Russell ("Russell") was called and Hardy and Green were separated while Russell and Dozier left to report the incident to Robert Driscoll ("Driscoll"), O'Neal's plant manager. Hardy and Green returned to their respective work assignments, but at some point, Green walked over to Hardy's work area and another argument ensued. Supervisors again had to separate the arguing men.

As a result of the incident, both men were disciplined. Green received a three day suspension. Hardy was terminated. O'Neal replaced Hardy with Willie Tompkins ("Tompkins"), another African-American assigned by Dixie Staffing as a temporary employee. Tompkins worked for several months as a temporary employee and then moved into a full-time position with O'Neal.

Hardy testified that he considered filing a claim against O'Neal as early as September 30, 1997, the day of his termination. On December 11, 1997, Hardy filed a complaint alleging that O'Neal discriminated against him because of his race when it chose to fire him and retain Green.

During a deposition taken in this action, Hardy revealed that he had filed a Chapter 13 bankruptcy on December 4, 1997. At the time he filed the petition, Hardy did not disclose his potential claims against O'Neal. Even after his complaint had been filed, Hardy never amended the schedules of information to reflect his pending lawsuit. On January 27, 1998 the bankruptcy court confirmed Hardy's proposed bankruptcy plan without knowledge of his lawsuit against O'Neal. Based on the information presented by the parties, Hardy has still not informed the bankruptcy court of his claim.

O'Neal filed a motion for summary judgment on November 23, 1997. O'Neal contends that it is entitled to judgment as a matter of law because (1) Hardy cannot establish a *prima facie* case of discriminatory discharge, (2) if Hardy establishes a *prima facie* case, he fails to create a genuine issue of fact indicating that O'Neal's proffered reason for terminating Hardy is pretext, (3) because only the bankruptcy trustee may institute a suit against O'Neal, Hardy has no standing to complain, and (4) Hardy is judicially estopped from asserting claims he did not disclose in the earlier bankruptcy proceeding.

## II.  Discussion

Because Hardy offers no direct evidence of discriminatory intent, Hardy must prove his charge of intentional discrimination by

circumstantial evidence. The familiar framework established in *McDonnell Douglas Corp. v. Green* provides the method of analysis. *Standard v. A.B.E.L. Serv. Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998); *see McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under this framework, Hardy must produce evidence sufficient to establish a *prima facie* case of intentional discrimination. *See Standard*, 161 F.3d at 1331. The establishment of a *prima facie* case creates a presumption of discrimination. *See id.* In order to rebut this presumption, O'Neal must then come forward with a legitimate, non-discriminatory reason for its employment action. *See id.* To prevail on his discrimination claim, Hardy must then demonstrate that the proffered reason is merely a pretext. *See id.*

### Hardy's *Prima Facie* Case

Hardy has failed to establish a *prima facie* case of discriminatory discharge. A *prima facie* case requires a showing that (1) Hardy is a member of a protected group, (2) Hardy suffered adverse employment action, (3) Hardy was qualified for his position prior to termination, (4) and O'Neal intended to discriminate against Hardy in making the discharge decision. *Standard*, 161 F.3d at 1331. Hardy clearly satisfies the first three elements of a *prima facie* case: he is African-American, he was fired, and he has produced evidence indicating that his superiors were pleased with his performance and had hoped to make him a full-time employee. *See* Depo. of Pl. at 37, 78-79; Aff. of Joe Dozier, at ¶ 6.

Hardy has failed, however, to provide evidence suggesting that

O'Neal intended to discriminate against him in making the discharge decision. Hardy attempts to demonstrate intentional discrimination by showing that O'Neal disciplined him more severely than a similarly situated employee. To this end, Hardy points out that O'Neal chose to fire him, a black employee, and retain Green, a white employee, for essentially the same offense. Hardy's argument fails simply because Green is not a similarly situated employee. *See Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir. 1998), *partially superceded by* 151 F.3d 1321; *Talley v. United States Postal Serv.*, 720 F.2d 505, 507 (8th Cir. 1983).

The United States Court of Appeals for the Eleventh Circuit recently emphasized the importance of evidence relating to similarly situated employees and explained that the employees must be similar **in all relevant respects**. *Jones*, 137 F.3d at 1311 (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (emphasis supplied). Because Green was a full-time, regular permanent employee who had been with O'Neal for twelve years at the time of the incident, and Hardy was a temporary employee who had been with O'Neal for only three months when the incident occurred, Hardy and Green are not similarly situated. *See Talley*, 720 F.2d at 507 (temporary employees and career employees are not similarly situated). Hardy offers no evidence regarding the treatment of other temporary employees, nor does he offer evidence regarding the disciplinary treatment of employees with low seniority. Hardy's inability to demonstrate that he was treated differently than similarly situated employees prevents him from establishing a *prima facie* case of

5

intentional discrimination. *See Jones*, 137 F.2d at 1311; *Jones*, 151 F.3d at 1323.

**Hardy's Attempt to Show Pretext**

Because Eleventh Circuit opinions focus on the "nature of the offenses committed and the nature of the punishments imposed" to determine whether employees are in fact similarly situated, Hardy argues that he has established a *prima facie* case of discriminatory discharge because he and Green received different punishments for the same offense. Hardy further argues that the burden is now upon O'Neal to proffer a legitimate, non-discriminatory reason for its decision to fire him. *See, e.g., Jones*, 137 F.3d at 1311; *Holifield*, 115 F.3d at 1562; *Jones v. Gerwens*, 874 F.2d 1534, 1539 (11th Cir. 1989). Even if the court assumes, contrary to the conclusion reached above, that Hardy does make out a *prima facie* case, his § 1981 claim still fails because he cannot show that O'Neal's stated reason is pre-textual.

O'Neal contends that race played no part in the decision to fire Hardy; rather, the decision was based solely on the difference in the employment status and length of employment of the two employees. *See* Aff. of Joe Dozier, at ¶ 6; Aff. of Robert Driscoll, at ¶ 6. Hardy concedes that Dozier explained to Hardy that he was being fired and Green only suspended because "[Green] was there longer than [him] and because [Hardy] was only temporary." Depo. Of Pl., at 71. Hardy has introduced no evidence of racial animus – in fact, he admitted that he never knew of, heard of, or saw any race-based problems at O'Neal. *See id.* at 89. Hardy was replaced by another black temporary employee who eventually

6

obtained a full-time position with O'Neal. *See* Aff. of Joe Dozier, at ¶ 7. In short, Hardy has offered no evidence that discredits O'Neal's explanation for its decision to fire him.

**Standing and Judicial Estoppel**

Having concluded that Hardy's claim fails on the merits, the court finds no need to discuss at length the additional arguments raised by O'Neal in support of its motion for summary judgment. The court does note, however, these arguments appear to have merit, particularly the argument based on judicial estoppel. *See Chandler v. Samford University*, CV-97-AR-1939-S, at 6-8 (plaintiff is judicially estopped from asserting claims not disclosed in an earlier bankruptcy proceeding).

**III. Conclusion**

Hardy's claim of intentional discrimination fails because he cannot establish a *prima facie* case of discriminatory discharge. Even if the establishment of a *prima facie* case is assumed, Hardy cannot rebut O'Neal's articulated non-discriminatory reason for terminating his temporary employment. Because Hardy has presented no genuine issue of material fact to preclude the entry of judgment as a matter of law, O'Neal's motion for summary judgment is due to be granted. An appropriate order will be separately entered.

DONE this 26th day of January, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE